IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JILL JOHNSON, individually and as Guardian of CJ, a minor, and VICTORIA BAKER, individually and as Guardian of IB, a minor,

Plaintiffs,

v.

STATE OF WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, HARRISON COUNTY HEALTH DEPARTMENT, CABELL COUNTY HEALTH DEPARTMENT,

Defendants.

Civil Action No.: 1:12 CV 27

FILED
FEB 0 6 2012
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

## VERIFIED COMPLAINT

### Introduction

This case is about the State of West Virginia exceeding its authority in mandating a policy that forces vaccinations on students entering school. The legislature refused to pass legislation mandating the vaccinations that Defendants now require. The legislature requires immunizations of only diphtheria, polio, rubeola, rubella, tetanus and whooping cough. W.Va. Code § 16-3-4.

### Parties

1. Plaintiff Jill Johnson is a resident of Harrison County, West Virginia at the time of this filing.

2. Plaintiff, Victoria Baker, is a resident of Cabell County, West Virginia at the time of this filing.

3. Defendant West Virginia Department of Health and Human Resources ("DHHR"), is a state agency, and at all times relevant herein, acting within the course and scope of authority under color of state law.

4. Defendant Harrison County Health Department is a duly authorized and created department under the laws of the State of West Virginia, providing various services relating to health, immunization and other issues as they may apply to County School Districts in the State of West Virginia.

5. Defendant Cabell County Health Department is a duly authorized and created department under the laws of the State of West Virginia, providing various services relating to health, immunization and other issues as they may apply to County School Districts in the State of West Virginia.

### Jurisdiction/Venue

6. This case arises under the First and Fourteenth Amendments to the United States Constitution, and under 42 U.S.C. Section 1983. Jurisdiction is conjured upon the Court by 23 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391 (b). Some of the wrongful acts occurred in Harrison County, West Virginia, located in the Northern District of West Virginia.

### Facts

7. Each and all of the acts alleged herein were conducted by defendants, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs, and uses of state law.

8. In West Virginia Code § 16-3-4, the West Virginia Legislature provided for compulsory immunization of all school children in West Virginia.

9. The plain language of the code provision provides "All children entering school for the first time in this state shall have been immunized against diphtheria, polio, rubeola, rubella, tetanus and whooping cough."

10. The code provision provides that "[n]o child or person shall be admitted or received in any of the schools of the state until he or she has been immunized as hereinafter provided or produces a certificate from a reputable physician showing that an immunization for diphtheria, polio, rubeola, rubella, tetanus and whooping cough has been done or is impossible or improper or other sufficient reason why such immunizations have not been done."

11. Nowhere in the plain language in the code provision is the health department granted authority to require immunizations not listed in West Virginia Code § 16-3-4.

12. In February of 2004, Defendant State Health Department attempted to have the West Virginia Legislature amend West Virginia Code § 16-3-4 to provide authority to the health department for additional immunizations. The West Virginia Legislature refused to amend the statute.[1]

13. In March of 2005, the West Virginia Legislature again refused to amend West Virginia Code § 16-3-4 to add chickenpox, measles, and mumps.[2]

14. In June of 2006, Defendant State Health Department again attempted to have the West Virginia Legislature amend West Virginia Code § 16-3-4 to provide authority to the health department for additional immunizations. The West Virginia Legislature refused to amend the statute.

15. In February of 2008, DHHR used an Interpretive Rule change (64 C.S.R. 95) to add three new vaccines to the mandated list and also gave DHHR power to review requests for medical exemptions. Previously, a letter from a doctor was sufficient.

16. In defiance of the West Virginia Legislature, Defendant State Health Department enacted its own policy which exceeds the requirements for immunization provided in West Virginia Code § 16-3-4 by requiring immunizations of Varicella, Hepatitis

---

[1] See Senate Bill 439 introduced February 4, 2004.

[2] See Senate Bill 523 introduced March 11, 2005.

B, and Mumps for children entering school in West Virginia. The State Health Department and County Health Departments, including Cabell County and Harrison County, have actively enforced the State Health Department policy by inspecting the immunization records of school children and prohibiting attendance at school of those children whose immunization records do not comply with Defendants' policy.

17. Plaintiff Victoria Baker is the mother and natural guardian of IB, date of birth June 14, 2003.

18. Plaintiff, Victoria Baker is the mother and natural guardian of eight children.

19. Prior to the filing of this complaint, school officials notified Plaintiff that her daughter, IB, would have to terminate school attendance for not having received a Varicella vaccine (chickenpox), and upon information and belief, school officials will not permit the child to attend school.

20. The Varicella vaccine is not a mandated vaccine in accordance with W.Va. Code § 16-3-4.

21. The Cabell County Board of Education, acting pursuant to the health and immunization standards set forth by the Cabell County Health Department, notified Ms. Baker that homeschooling would be required.

22. IB has been homeschooled since her expulsion and is still being homeschooled to this day, resulting in great financial and emotional hardship to Ms. Baker, who suffers from a hearing impairment that substantially limits her ability to effectively homeschool IB.

23. Ms. Baker's sincere and genuine religious beliefs prohibit her from subjecting her child IB, to the Varicella shot.

24. IB has received all of the vaccinations required by W.Va. Code § 16-3-4.

25. Plaintiff Jill Johnson is the mother and natural guardian of CJ, born March 16, 2001.

26. CJ is a special needs child with an autism spectrum disorder.

27. On or about the beginning of the 2006-2007 school year, Harrison County Schools requested proof of CJ's five-year-old booster shots.
28. The Johnson's family doctor, Dr. Casey Fahey, ordered blood tests to see if booster shots were necessary.
29. Test results revealed that CJ was immune to measles, mumps, rubella, polio, diphtheria, tetanus, and pertussis.
30. A laboratory report of the test results was supplied to Harrison County Schools and was refused by Dr. Charles Arnett.
31. Prior to the filing of this complaint, Dr. Cathy Slemp, chief health officer of West Virginia, notified the Johnson's that West Virginia DHHR makes the interpretation of the law and that CJ would not be allowed to return to school, and upon information and belief, school officials will not permit the child to attend school.
32. CJ is now home schooled by the Johnson's.
33. Due to the fact that CJ is not able to attend public school, he is being denied special education services as required by the Individuals with Disabilities Education Act (IDEA).[3]

### Damages/ Request for Relief

WHEREFORE, plaintiffs respectfully request that this Court:

1) Declare defendants' policy unconstitutional;
2) Issue an injunction to enjoin defendants from enforcing its policy by prohibiting plaintiffs' children from attending public school within the school district until the students receive state-required immunizations, in violation of plaintiffs' sincerely held religious beliefs;
3) Issue an injunction to enjoin defendants from enforcing West Virginia Code § 16-3-4 in such a way as to require children to receive immunizations in violation of plaintiffs' sincerely held religious beliefs;

---

[3] This is in addition to being denied a fair education, that being, a trained teacher in the area of special education.

4) Award plaintiffs nominal damages; and

5) Award reasonable attorney fees and costs.

                                                         Plaintiffs,
                                                         by counsel,

*/s/ Paul J. Harris*
Paul J. Harris
W. Va. Bar #4673
Fifteenth & Eoff Streets
Wheeling, WV 26003
304.232.5300

*/s/ Joseph A. Wallace* (with express permission)
Joseph A. Wallace
W. Va. Bar #3907
14 Randolph Ave.
Elkins, WV 26241
304.637.3800

## **VERIFICATION**

STATE OF WEST VIRGINIA
COUNTY OF Harrison, to-wit:

I, Jill Johnson, hereby affirm that the responses made in the foregoing *Verified Complaint* is true and correct to the best of my knowledge and information.

Dated this 20th day of May 2011.

_____
Jill Johnson

Taken, subscribed and sworn to before me on this 20th day of May, 2011.

OFFICIAL SEAL
STATE OF WEST VIRGINIA
NOTARY PUBLIC
TAMELA A. KISNER
140 W. MAIN STREET
CLARKSBURG, WV 26301
My commission expires August 11, 2019

_____
Notary Public, in and for said county
And state

My Commission Expires: August 11, 2019

1

## Verification

I, Victoria Baker, after making an oath or affirmation to tell the truth, say that the facts I have stated in this Complaint, are true of my personal knowledge; and if I have set forth matters upon information given to me by others, I believe that information to be true.

_Victoria Baker_    8-9-11
Signature          Date

This verification was sworn to or affirmed before me on the __9__ day of August, 2011.

_Delores D Pyle_    8/9/11
Notary Public          Date

My commission expires: __2/24/2015__.



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
DELORES D. PYLE
CABELL CO. PUBLIC LIBRARY, WEST BRANCH
901 14TH ST., WEST
HUNTINGTON, WV 25704
My commission expires February 24, 2015